UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NICHOLAS PALAZZO,

                Plaintiff,

     -against-                                       **COMPLAINT**

UNITED AIRLINES, INC.,                   Jury Trial Demanded

                Defendant.
-------------------------------------------------------X

      Plaintiff, NICHOLAS PALAZZO, by and through his attorneys, BORRELLI & ASSOCIATES, P.C., alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

      This is an action brought by a former employee of United Air Lines, Inc. ("United," "Defendant" or "Company"). Plaintiff is a qualified individual with a disability. During his employment, Plaintiff was the victim of, *inter alia*, discrimination because of his disability. Plaintiff suffered adverse employment actions, specifically termination.

      After Plaintiff disclosed his disability to the Company, he requested to take a medical leave for six (6) months but was terminated prior to the expiration of that leave. Prior to that termination, Plaintiff was not counseled and did not receive any disciplinary action regarding his absences or work performance. Accordingly, the reason proffered to Plaintiff regarding his

-1-

termination, that he failed to update his medical condition, was a pretext to mask the motivating factor behind his termination - his disability and/or the company's failure to comply with his request for a reasonable accommodation and/or the company enforcement of policies that resulted in disfavor to individuals with disabilities.

## JURISDICTION AND VENUE

1. This is a civil action based upon the defendants' violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Executive Law, Human Rights Law, § 290 et seq. ("NYSHRL"); the Administrative Code of the City of New York, § 807 et seq. ("NYCHRL"); intentional infliction of emotional distress and any other cause of action that can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367, and 2201, and § 290 et seq. of the Executive Law of the State of New York. The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") and was issued a Notice of Right to Sue on October 1, 2006 (a copy of the Right to Sue letter is annexed hereto and marked as Exhibit "A"). This action is filed within ninety (90) days of plaintiff's receipt of his Right to Sue letter.

## PARTIES

5. Plaintiff, Nicholas Palazzo, at all times hereinafter mentioned, was and still is a resident of New York County, New York.

6. Plaintiff was an employee entitled to protection under the ADA pursuant to 42 U.S.C. 12111(4), the NYSHRL under § 292(6), and § 802(1) of the NYCHRL.

7. Upon information and belief, at all times hereinafter mentioned, Defendant, United Air Lines Inc., is a foreign corporation doing business in the State of New York, with offices located at 1200 E. Algonquin Road, Elk Grove Township, Illinois 60007.

8. Upon information and belief, Defendant maintains local offices at John F. Kennedy International Airport, Building 59, Jamaica, NY 11430.

9. At all time relevant hereto, United employs more than fifteen (15) individuals and is a "covered entity" within the meaning of the ADA.

10. At all time relevant hereto, United is an employer of Plaintiff within the meaning of the ADA, 42 U.S.C. § 12111(5) the NYSHRL § 292(5) and the NYCHRL § 802(5).

## FACTS

11. Plaintiff was employed by United as a Flight Attendant from on or about December 11, 1994 until November 2005.

12. On or about September 2001, Palazzo was diagnosed with clinical depression, post-traumatic stress disorder and other mental infirmities.

13. On or about September 2001, Plaintiff began treating with Dr. Jack Almeleh, Psychiatrist.

14. Palazzo's disability substantially limits his major life activities, including, but not limited to, working, learning, lifting caring for himself, his ability to sleep, concentrate and interact with others.

15. Palazzo has a record of such impairment.

16. Despite these limitations, Palazzo was able, with a reasonable accommodation, to perform all of the functions of his position.

17. Since on or about December 2001, Palazzo has taken medication for his infirmities.

18. Despite the remedial measures of taking of the above referenced medications, Palazzo remains disabled within the meaning of the ADA, NYSHRL and the NYCHRL.

19. On or about February 2002, Palazzo applied to take a voluntary furlough pursuant to the 1996 "Restructuring Agreement" ("Flight Attendant Agreement") between United Airlines Inc. and Flight Attendant's in the Service of United Air Lines Inc. as represented by the Association of Flight Attendant's (later extended and ratified for the years 2003 – 2009).

20. Upon information and belief, voluntary furloughs are available for individuals subject to company discretion and can be taken for a period also to be determined by the company. Furloughs are obtained by submitting a bid upon being notified by United that they were seeking to reduce staff.

21. On or about February 2002, Palazzo was approved for a voluntary furlough.

22. On or about May 2003, Palazzo was approved for voluntary furlough extension through 2007.

23. On or about June 21, 2005, Plaintiff was recalled from his voluntary furlough and ordered to return back to work. Pursuant to this recall, Plaintiff was to return to work on August 15, 2005.

24. On or about July 18, 2005, Plaintiff visited the office of Steven James Serra, MD, MPH, C-MRO, Regional Flight Surgeon, United Medical Department ("Dr. Serra").

25. At this July 18, 2005 visit, Plaintiff brought a note from Dr. Almeleh. In this note, Plaintiff disclosed his disability to Dr. Serra and requested an accommodation of medical leave for six (6) months up until January 2, 2006.

26. On or about August 19, 2005, Plaintiff's medical leave was granted through correspondence from Craig Lister, Manager, Flight Attendant Scheduling Services Center ("Lister"). Such correspondence indicated that Plaintiff was to contact United three (3) weeks prior to the expiration of his medical leave. There was no indication on the letter of Plaintiff's leave expiring at any other time before the six (6) month accommodation as requested by Dr. Almeleh had been completed.

27. On or about November 11, 2005, United, by correspondence from Lister, terminated Plaintiff effective November 2, 2005 for not complying with the requirement that he update United of his medical progress.

28. Upon information and belief, Plaintiff was not informed by United that he was required to update United of his progress, only to contact them three (3) weeks prior to expiration of the leave.

29. Upon information and belief, Plaintiff's return date was January 2, 2006, as clearly requested for by Dr. Almeleh on the July 7, 2005 doctor's note which was presented to Dr. Serra at Plaintiff's visit.

30. The Company's alleged business reason for Palazzo's termination is pretextual for the following reasons:

   a) Plaintiff was never advised of any policy that stated that he was required to submit any documentation updating his medical condition.

   b) Plaintiff was never advised of specific dates with which to update his condition to United.

   c) Plaintiff was never given any indication that his medical leave, pursuant to his disability would not be accommodated by United.

   d) United's policy to require individuals to update medical information in order to maintain their job status without providing them specific dates to abide by the policy resulted in an unfair impact on individuals with disabilities.

   e) Plaintiff was treated differently than employees who did not have a disability.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 12101, DISABILITY DISCRIMINATION

31. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. Plaintiff is an employee and a qualified person with a disability within the three-pronged definition of Title I of the ADA.

33. Defendant is an employer that employs more than fifteen (15) employees within the meaning of Title I of the ADA.

34. The Defendant discriminated against Plaintiff on the basis of a disability that substantially affects one or more major life activities and/or because of his record of impairment by, *inter alia,*

   A. Terminating Plaintiff's employment;

   B. Refusing to permit Plaintiff to return to work in a position for which he was qualified, with or without accommodation;

C. Refusing to accommodate Plaintiff because his disability was not work-related;

D. Implementing an unfair policy that disparately impacted individuals with disabilities.

## COUNT II

### DISCRIMINATION AND FAILURE TO ACCOMMODATE PURSUANT TO THE NYSHRL

35. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Plaintiff is a person with a disability within the meaning of the NYSHRL.

37. The Defendant discriminated against Plaintiff as set forth in Count I above based upon Plaintiff's disability that substantially affects one or more major life activities and/or because of his record of impairment and thereby violated Plaintiff's employment rights under the NYSHRL.

## COUNT III

## DISCRIMINATION AND FAILURE
## TO ACCOMMODATE PURSUANT TO THE NYCHRL

38. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. Plaintiff is a person with a disability within the meaning of the NYCHRL.

40. The Defendant discriminated against Plaintiff as set forth in Count I above based upon Plaintiff's disability that substantially affects one or more major life activities and/or because of his record of impairment and thereby violated Plaintiff's employment rights under the NYCHRL.

41. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with his employment in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff respectfully claims the following relief:

1. That this Court order the reinstatement of Plaintiff to a position with a salary level that the Plaintiff would have reached absent the Defendant's discriminatory treatment, or alternatively, an award of front pay to Plaintiff;

2. Judgment in favor of Plaintiff and against Defendants for back pay and the value of lost employment benefits as may be found by a jury;

3. Judgment in favor of Plaintiff and against Defendants for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, reinstatement, and any other damages permitted by law. It is further requested that this Court grant reasonable attorney's fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled and/or that the Court deems just and proper. Plaintiff demands a trial by jury.

Dated: Melville, New York
       November 28, 2006

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.C.
                                    *Attorneys for Plaintiff*
                                    999 Walt Whitman Road, Suite 100
                                    Melville, NY 11747
                                    Tel. (631) 271 - 5181
                                    Fax. (631) 271 - 5183

                                    By: _____
                                        MICHAEL J. BORRELLI (MB 8533)

EXHIBIT A

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nicholas Palazzo<br>340 East 93rd Street, Apt. #27E<br>New York, NY 10128 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-00120 | Chris M. Kwok,<br>Federal Investigator | (212) 336-3672 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     10/2/06
Spencer H. Lewis, Jr.,     (Date Mailed)
Director

Enclosures(s)

cc: Attn: Karen Kukla

Labor Relations
United Airlines
PO Box 66100
Chicago, Il 60666